All right, the last case we're going to hear this morning is Brandon v. Guilford County Board of Elections, and Ms. Riggs, whenever you're ready, we'll hear from you. May it please the Court. In 2015, when the North Carolina legislature passed a local bill redistricting the Greensboro City Council districts, it used excessive population deviations to disadvantage Democratic and Black voters. It also denied Greensboro citizens the right to use the referendum to change their city council structure. Plaintiffs in this case, acting as private attorneys general, retained pro bono counsel and sought to vindicate their constitutional rights and the rights of all citizens in Greensboro. Rights to an equally weighted vote and the right to be treated like every other citizen of a city in the state. They succeeded, and the district court recognized them as prevailing parties. But in contradiction of the purpose of 1988, the fee-shifting statute in 1983 civil rights cases, and in contradiction of the controlling precedent from this court and the United States Supreme Court, the district court committed legal error and abused the very limited discretion it had in deciding that special circumstances warranted denial of fees. Before delving into the district court's legal errors and abuse of its narrowly constrained discretion, it's important to recognize that the United States Supreme Court and this court have been unequivocal in their commitment to the purpose of 1988, encouraging plaintiffs to seek competent counsel in bringing civil rights actions and then compensating those counsel when they win those cases. And they've been consistent in their interpretation that one, special circumstances justifying denial of fees are exceptionally rare, and two, the discretion of district courts to find special circumstances and deny fees is incredibly narrow. The primary Supreme Court case capturing this commitment, of course, is Hensley v. Eckert, which confirms the default of awarding fees to prevailing parties unless special circumstances would warrant that unjust, but it made clear that this would be a very unusual outcome. So the Supreme Court describes a simple inquiry that at the stage of deciding whether or not to award fees at all, the question is asked, were plaintiffs prevailing parties? And if the answer is yes, then it's near mandatory that some fees will be awarded. The effect on or conduct of defendants, including enforcement agencies, does not factor in. In fact, the United States Supreme Court in the Virginia Supreme Court v. Consumers Unions case had no problem with fees being awarded against the Virginia State Bar, even though the U.S. Supreme Court deemed the State Bar innocent of the unconstitutional action. Instead, the Supreme Court noted that fee awards against enforcement officials are run-of-the-mill occurrences. This court has scrupulously followed that guidance, and a recent case from this court we think precludes the decision below. That case, which is very much on point, is Lafamine v. Weidman from 2014. In Lafamine, this court refused to aggregate three alleged special circumstances factors to deny fees. In that case, those factors were, one, the defendant government actor's good faith, just like we have in this case, two, that there was no pattern of preference. The court in Lafamine actually isn't addressing good faith standing alone. It addressed it only in the context of rejecting qualified immunity as being a defense. So it's not independent good faith that the court was addressing. It was addressing qualified immunity. And it has this sort of aside about good faith, but that was not a stand-alone issue. They rejected it as sort of a piece, as they described it, a bolstering of the qualified immunity analysis. It wasn't a stand-alone issue. It wasn't stand-alone. It was certainly related to the fact that there was a governmental actor asserting sovereign immunity. But it was unequivocal in saying this court agrees with most of its circuit sisters that good faith is not a special circumstances factor that would warrant denial of fees. All right, so I want to start there. Because if we go back to Chastain, which is the Fourth Circuit decision from 1976, on which I think a lot of this is based, what this court says is, of course, the company's good faith alone would not insulate it from making plaintiffs whole. In this context, they're talking about fees. And they say, but here there's more. And so Chastain, to me, and I want you to explain to me why this is not the right reading, because it is obviously in conflict with yours. Chastain, to me, seems to require that a court, like this district court, consider good faith not sufficient alone, but that it can combine with more in order to qualify as these special circumstances that we're talking about. So in other words, it is, under the Fourth Circuit precedent, a totality of the circumstances holistic approach. And then let's start there. And then I want to talk about what Chastain found to be sufficient more factors. But do you agree that Chastain says only that good faith alone is not sufficient, not that you must ignore it? I think in Chastain, that was more along the lines of dicta. In Chastain, what was very central to the court's determination of the outcome was that the problematic behavior had ceased in 1970. And the lawsuit wasn't filed until 1971. So there was this consideration that this, one, this litigation was unnecessary, the problem was already resolved. And two, this was creating costs and extensions of the drama more than is necessary. But on page 1045, like, I mean, you may read that in. But that's not what the court actually says, right? I mean, that's your sort of implicit interpretation. But the court doesn't actually say that. The court actually begins its analysis of determining whether fees are appropriate by saying, here's all the good faith. That alone's not sufficient, but here we have more. Not that, here's all this good faith evidence. Good faith can't be considered, so not more, but here are these other independent factors that justify. By saying it's not alone sufficient, but here's more, and then taking them as it does in total to reach its conclusion, suggests fairly strongly to me that the district court here was required, in fact, to do what it did, which is to consider good faith along with various other things, including the actions of Chastain. Plaintiff's counsel in determining whether the special circumstances apply, and then that's the abuse of discretion that we're reviewing. Well, so then let me turn to the factors that I believe the district court did consider. Contrary to Apley's representation. But before you turn away from that, do you agree that Chastain requires the district court to do that? I don't think that Chastain stands for the proposition that this court considers aggregating factors. I think the only court that I know of that- And what court, and on what is that, I mean, I'm not trying to fight you, right? You suggested that lafamine, I may be mispronouncing that, I have no idea, that you suggest that that prohibits aggregation earlier. Why do you say that? I wouldn't say that it categorically prohibits it. It rejects the aggregation of those three factors, one of which was good faith. And there were more factors, in my mind, there were more factors in lafamine than there are here. But if good faith, so just to assume your question, assume the proposition, and I don't think it's the case, but just to assume it. If good faith is one good factor, then I think we have to go and look at what the district court actually did. The district court, I think, actually looked at two factors alone. It looked at the good faith and innocence of the defense, the enforcement agency, which is, except for maybe in the Ninth Circuit, universally considered not a special circumstance. And then it turned- Well, except for the Fourth Circuit, where it is considered an aspect of it in Chastain. Not standing alone. Right. So standing alone, that's not a justification. Good faith and innocence. Good faith standing alone is not. In fact, if you continue to read Chastain, it seems to suggest that innocence with good faith might be sufficient. But a more recent case from this court, the Virginia Supreme Court case on remand, where you had an innocent party. This court awarded fees against that innocent party. The Virginia State Board didn't promulgate the rules. But they sought the promulgation of those rules. They advocated for the promulgation of those rules. This is the Virginia Bar case? They early did, and then they changed their mind. And the U.S. Supreme Court said that was enough for the U.S. Supreme Court to consider them innocent. But to get to what the district court here actually considered, good faith and innocence, it sort of intertwined that inquiry. And I don't think either of those presents an appropriate, allowable criteria for special circumstances. But then the district court switched to excusing its reliance on this plainly rejected factor by adding another alleged factor that prevailing plaintiffs named only the county board of elections as a defendant. And so the district court penalized plaintiffs. Yeah, and I wanted you to, because I know your opposing counsel is going to get up here and say they didn't do anything wrong. You sued the wrong party. So please lay out why you set up the case the way you did. We filed a lawsuit in this case three weeks after this court issued its decision in Wright, which was almost an analogous case. In Wright, plaintiffs wanted to sue the more guilty party. They wanted to sue the state legislators who had passed the unconstitutional local bill. This court said the only necessary party is the county board of elections. It rejected plaintiffs in that case attempt to add state actors. Now, the only difference is in that case, plaintiffs didn't try to add the state board of elections. The district court below faulted plaintiffs for not adding the state board of elections in this case. But it's illogical to talk about good faith and innocence in the first justification, and then fault plaintiffs for not suing enough innocent parties. The state board of elections had nothing to do with passing this challenge law. They had no direct enforcement authority. They were not, and the district court ruled that they were not a necessary party. At some point, you suggested that you risk sanctions for adding. But you do agree that under Wright, that you permissively could have added the state board of elections? The state board of elections only. Other parties, so defendants... No, no, but on that, because Wright sort of says that expressly, right? He says that the county board of elections with the state board of elections has, and this is the language you quote, has the duty to enforce the challenge redistricting plan. In Wright, they identify the county and the state as being the two that are charged with enforcing. I mean, that's the language out of Wright. But then Wright also says plaintiffs can receive full and total relief from the county board of elections only. And in truth... True, not a necessary party, but a permissive one. Right, and they may have asserted some sort of sovereign immunity. It may not have been successful, but plaintiffs here sued the proper party. And this question, this court addressed this issue of who ends up bearing the burden in Rum Creek. There, the fact that the taxpayer... Well, the statute tells us who should end up bearing the burden, and it's not you. The statute is entirely designed to ignore who's on the other side of the V. The purpose of the statute is to make sure that access to our courts are open. And the other thing, too, to keep in mind, I think, is that the state actors actually responsible for this unconstitutional law were aware of this case, decided not to intervene, and resisted strongly any discovery in this case. The last thing the district court brought up, which I don't actually think was a factor, but was sort of background justification, was this recently passed state law that says when a lawsuit is filed challenging the constitutionality of a local bill, that the state must be named as a party. But this has two problems from a 1988 perspective. The state of North Carolina might not always be the guilty party, and of course the state is free to repeal that limited waiver of immunity at any time, so it still divorces us. Is guilt a factor? It isn't. Well, I was going to try... I'm interested in knowing what are the relevant factors for providing special circumstances under 1988. In other words, I had assumed that guilt or innocence was not a factor based on the Supreme Court's talking about you can sue the people who are charged with enforcing a statute as opposed to those who created it. What the Supreme Court has identified as special circumstances, and I've been able to identify only two, one is when the attorney is acting pro se in his own behalf, because there you're not really incentivizing competent counsel. There's always going to be a conflict when you're representing yourself, and the circuit has followed that rule. The second one is when there's only nominal damage, and the litigation didn't really change the legal relationship in any meaningful way. I think that has been called a special circumstance by the U.S. Supreme Court, but it could also be reviewed as going to the reasonableness of fees. After you decide to award the fees, then the question of how much. Guilt, innocent, nominal enforcement agencies, that's the trade-off that Congress made in passing 1988. They wanted to open access to the court, incentivize citizens acting as private attorneys general, and reward competent counsel for winning those cases. Okay. Thank you. All right, you've reserved some rebuttal. Mr. Payne. Good morning. My name is Mark Payne, I'm the Guilford County Attorney, and in that role I serve as counsel to the Guilford County Board of Elections. It's an honor to be here. I'm also here for the first time for the Fourth Circuit. I wanted to go a little bit different from where I was going to start, because I think I need to start at the question of innocence versus good faith. I think that good faith. I want you to continue making that argument, but before you even get there, I sense that we're arguing about a lot of factors that may or may not be relevant, and I have not found where legal innocence was relevant. I thought that's subsumed in the notion of prevailing party. In other words, who prevails. And then there's a fee shifting from the American standard and for public policy reasons. So the question I have really is, what do you understand to be the relevant factors for providing for the exception? And if it's good faith, if that's relevant and innocence is relevant, you think, then I think you should keep developing it. But if they're not relevant, then it's like talking about whether you've got a lot of money in the till or whatever. The standard is this, and it's a fairly unique standard, and this is a very unique application of that standard. I think this is a case that you'll not see this same fact situation again. No, because if appellants don't get awarded attorney's fees and the state does the same thing, then we won't see it again because there won't be anybody to challenge the state next time. But nobody's challenged the state this time. Who's going to pay the bill is the county of Guilford County. In fact, I would argue that you create the opposite. You're obligated to enforce the law that the General Assembly passed, right? Yes, that's right. So you were going to enforce it. We serve a ministerial function, not a regulatory function. So you were going to enforce it. We, together with the State Board of Elections, do carry out the elections. But look at it this way. Whether the Guilford County Board of Elections was a party to this case or not, our actions would have been exactly the same. This case didn't change our behavior or our conduct or status in any way. This case, we were bound to follow the law before this case. How is the State Board of Elections' duty to enforce any different than yours? How are they different than you are? One, it is a state actor, and it is the state that was the wrongdoer in this case. I don't fully understand that. The wrongdoer? Yes. There was a complaint filed here. The complaint said there was wrong that was done, and that wrong that was done was the General Assembly passed an unconstitutional law. Now, if the state was the wrongdoer, and presumably you're arguing that the county was not a wrongdoer. Absolutely. We didn't act at all. If you're arguing that, then how did they become a prevailing party against you? Well, they became a prevailing party because we were the only. They used to be your wrongdoer if you violated the law, and they got relief under the law. They got relief under civil rights law, for which the civil rights law says the prevailing party gets attorney's fees. And that decides the guilt or innocence, doesn't it? Well, 99-point-something percent of the time, a prevailing party prevails in a lawsuit over the person that did the wrong that the case is about. I mean, it's very basic. You have a complaint. You file an action. You say that someone acted unlawfully. In this case, the state of North Carolina acted unconstitutionally. But the only thing the State Board of Elections would have done is enforce what the General Assembly passed, right? That's right. And the only thing you would have done is enforce what the General Assembly passed. So why do we need the State Board of Elections? Because the state of North Carolina is the entity that did something wrong here. There are three factors. Why didn't you bring them in? We couldn't. Our job, the Guilford County Board of Elections' job, is to do what the statutes tell us to do as interpreted by the courts. Now, we did, in fact, participate in an action for a motion to dismiss for failure to name a necessary party. And the courts determined that the state actors weren't necessary parties. Aren't you really sort of just trying to put yourself under the Chastang framework? Because Chastang actually does exactly, I think, what you're trying to say, right? They ultimately conclude that attorney fees should not be awarded because, quote, the net effect would be to penalize the innocent participants, right, that being the people that would pay it. And the innocence is what they're saying is more than good faith. And the examples they give of what converts them from just merely good faith, which is not sufficient alone, to actual innocence is that they had no pecuniary interest and, therefore, no economic incentive to violate the act, which obviously applies to you all, had no right to unilaterally alter the schedule, right, which you had no similar right. You had no right to change it, you know, unilaterally, right? Those are all factors that apply to you. You have the additional factor that you did nothing to defend the statute. You merely were there. You're absolutely right. And let me get there sort of the long way because I think that's important here. The Hensley case that was cited by plaintiffs makes the real point of saying that the court, when they created this statute, they could have said the prevailing party, and this is frankly the way the plaintiffs are asking you to interpret this statute, is that the prevailing party will get attorney's fees, period. But actually what the statute said is something very different from that. It says the prevailing party shall get attorney's fees except where the court, the trial court, in its discretion. And that bar for discretion is very high. The statute doesn't say that at all. It never used the word shall. It says it may, in the court's discretion, award attorney's fees. Now, the courts have interpreted that to mean something totally different. But the case law is plain that there's an exception there, and that is where the trial court, in its discretion, finds that circumstances would render such an award unjust. So what we have here is a fairly unique thing. Today we've talked about a lot of arcane law, a lot of parsing grammatical sentences. What we're talking about here is what's just. And frankly, to me, is a basic tenet, a seminal basic tenet of American jurisprudence, that we don't make the innocent pay for the wrongdoings of others. See, that assumes that innocence is something more than violating the statute. The Supreme Court in Sipes, Justice Scalia said in that case, the party legally responsible for relief on the merits is clearly the party who should bear the fee liability under Section 1988. That is the person who's charged with enforcement, not the person who enacted it. And the question is, if the statute entitles the plaintiff to relief from you and thereby becomes the prevailing party, Congress said that person's entitled to have fees. Now, the question is, you're saying, well, if they did it innocently, then they don't have to pay. They didn't do it at all. Sure they did. They got injunctive relief against them. That makes them in a situation where they have violated the law because there's injunctive relief. But. You've enforced it, right? We haven't enforced anything at that point. We were named. You're responsible for enforcing it. We were named for prospective injunctive relief. I understand. Because you admit you were obligated to enforce it. Yes. Okay. And that makes you a liable party. And the liable party is charged with the fees. That's my whole question to both of you. And I'm not totally settled on this. But my whole question is, what are the criteria for shifting fees and what are the criteria for exceptions for shifting fees? And the idea of innocence, I don't see it statutorily. Well, I think it's clearly a factor. And to me, it's a very significant factor. And that's why we spend so much time on it. Well, let me ask you this. How can you be innocent under the statute if the plaintiff can obtain relief from you? In other words, if they can file suit under Section 1983 and obtain injunction against you. But if they didn't obtain injunction against us, what they did was they struck down the statute that the State of North Carolina did. Wasn't there an injunction against? And then our course follows per force. If we weren't a party, if they just named the State, we still – Sir. I'm sorry. Did you say that there was no injunction entered against you? Against us, yes. There was an injunction. And the injunction was that the court struck down the statute, the unconstitutional statute that was adopted by the State of North Carolina. Now, what actions follows from that follows per course. But isn't the difference here, really sort of back to a more basic point, is that you can be liable in a strict liability sense, right? That, like, it matters not what you did, good, bad, indifferent, but you are liable. And that means that you're a losing party, the opposite of the prevailing party. But that question is different from the question of whether you are required to pay fees. And that question includes the question about a variety of different factors in the court's discretion, including the consideration of good faith, although not enough alone, but also the other actions that you took. And the court is entitled to make its discretionary judgment within the framework provided to determine, even though you are strictly liable for an injunctive relief, that perhaps your county does not have to be responsible in every single case for attorney's fees. Let's look specifically at what the court did, the Fourth Circuit did, in Chastain. In Chastain, they found, and they specifically found this, it wasn't dictated, they made three findings. First, that they spoke to the good faith of the people that were handling this retirement fund, and they said that they acted in good faith. In this case, you have a case where an award of attorney's fees are even more unjust, in that not only did they act thinking that they were in compliance with the law, we didn't act at all. Somebody else made the law, and we're bound, and we have to follow it. Again, if we weren't parties, our actions would have been just the same. Our relationship with the plaintiffs didn't change at all. If we weren't parties, nothing would have been different. So the first factor was there. But the State Board of Elections would have made the same argument, that they didn't do anything to enact the statute, they're just charged with enforcing it. There's a qualitative, and we're talking about justice here, there's a qualitative difference between, okay, the money for this cost is going to come out of the State Treasury office because of something the State Board of Elections did, or it's going to come out of the State Treasury because of something the General Assembly did. That's one thing. And it's a qualitatively different thing to say that a county is going to have to come up with the, and remember the bill here is asked at $600,000. It's a qualitatively different thing to say that there's a difference between the state actor and the local county actor, which is only acting in a ministerial role. This is a statement written by Justice Breyer when he was on the First Circuit. The facts that the city did not itself enact the law at issue, and that some other entity may be more culpable or causally responsible than the city, do not, in our view, make it unjust as a matter of law to assess these costs. Indeed, civil rights action costs, including attorney's fees, are often assessed against defendants who enforce the laws instead of those who enact them. The legislature is rarely sued, and then he goes to explain. But this is exactly what Justice Scalia said. He said the person legally responsible, that's the term he used, should bear the fees. And if they're legally responsible, regardless if it's a statute based on guilt or whether it's based on some other basis, I've actually not found a case where they refused to award fees in a case where the enforcer was sued, as opposed to the enactor or the person that created the problem. Maybe it's Chastain. Chastain won. They found multiple basis.  There was no vindication of civil rights in Chastain. I thought that was one of the problems that made it unjust, which is a fundamental problem that's not here. The three actual funds. Is that accurate? That's something they said, but what they said that they were basing their determination on were three things. One, the good faith, in which I think you have a party here that is even more on the side of justice than that. Second is, and this is an important point, that they have no money in the fund. Making the defendants who are subject to this injunctive relief pay this will create no disincentive to bad actions in the future. This goes to your point, Judge Thacker. If you award attorney's fees against the local board of elections, then what incentive have you created for the state of North Carolina that enacted this unconstitutional law in the first place? What if you flipped it and said, rather than a disincentive for the states to do things wrong, it was instead enacted to provide an incentive for plaintiffs to enforce civil rights? Well, if you look at the Riverside case, it says it's both. In failing to, one, yes, it's good. That's why it's the default finding. It's good to reward the plaintiffs for prevailing. But if you look at Riverside, they said, and there's also this consideration is to create a disincentive for those folks who are violating the laws in the first place. What you have is you create, and the judge referred to it here, a perverse incentive. You're actually incentivizing the state of North Carolina to create unconstitutional laws. They can use all 100 counties in North Carolina as their experiments to see which unconstitutional laws they can use. Which they can get away with, and they never foot the bill. According to this interpretation of the Wright case, the state of North Carolina is never held accountable, and they can do it in 100, or if you include municipalities, they can do it 1,000 times, and somebody else pays the bill. The state isn't subject to injunctive relief, declaratory judgment, or attorney's fees. That has the opposite incentive of what the purpose of 1988 is. And that was the basis, too, for the Chastain case. Third, the Chastain case said that an award of penalties would punish the people for who the lawsuit was intended to benefit. That also applies here. It's now going to be the taxpayers of Guilford County that pay for the wrongs of the state of North Carolina. And who was this action brought on behalf of? It was brought on behalf of the voters of Guilford County. Those subsets are simultaneous. So we meet all of the three actual findings of Chastain, plus even a more compelling way. Not only we weren't acting in good faith, we weren't the actors at all. We were only named for the prospective injunctive relief. If we weren't parties and the court found that the law was unconstitutional, our actions would not have changed one bit. And the other thing that we do need to look at is if you look at the order. And remember, the test is did the judge abuse her discretion? Now the rules say there is clearly an exception that's possible. I would argue if you interpret the way that the claims are asking you to interpret this statute, you actually should just put a period after the prevailing parties should get attorney's fees. Put a period and we all go home. But the courts, the statute and the courts have clearly said that judges have discretion. And that they sometimes may find that the circumstances of this particular case would warrant not awarding attorney's fees. Of course it's going to be rare, of course it's going to be few and far between. But the argument you heard from the plaintiffs is basically a statistical argument.  A lot of cases say we get attorney's fees, so we should get attorney's fees. What you need to do is look at the order, the actual order that Judge Eagles adopted here and say, is there a rational basis for this order? It can't be based upon an error of factual error because there's no disagreement on the factual basis. Look at that order and say, did she abuse her discretion? That's a high bar, that's not a low bar, that's a high bar. And in these particular circumstances, the court found that we met all of these Chastain requirements and then some. Plus, in addition, I do think it's important to say that the plaintiffs in this case, they were the attorneys in the right case, as they noted. And the right case gave them a road map as to how to get a state party at the table. And that is to name the state board of elections. You've gone through a red light. We're not going to ticket you yet. Did you want to say something just to finish up? Finally, just to sum up, I would commend to you the briefs that we filed. Not just the briefs in this matter, but the briefs that was filed in front of Judge Eagles. But especially, I would commend to you the judge's order. Because if you look at that order, you will see that that judge did not abuse her discretion, that she based it upon lawful standards, undisputed facts, and that the decision, although it is unusual, and I think we've got a pretty unique case here, it is grounded in law and not an abuse of discretion. Thank you. All right. Thank you. Ms. Riggs. Your Honors, the district court awarded injunctive relief against the Guilford County Board of Elections. Had plaintiffs failed to win preliminary and permanent injunctive relief on both their referendum and redistricting claims, the Greensboro County Board of Elections, the purported innocent party in this case, would have geocoded new city council districts. They would have mailed postcards to voters detailing the changes, and they would have implemented elections using those unlawful districts in violation of plaintiff's rights. Those aren't ministerial actions. Those are enforcement actions for which they take primary responsibility. This question of who's going to pay the bill, Judge Niemeyer, you mentioned the quotes from Justice Scalia. That's also consistent with the Supreme Court's decision in Kentucky v. Graham in 1985. The question of who pays the bill, the Supreme Court has acknowledged that it's not clarified in the statute, but in reality, it's who ends up losing the case and who ends up having a judgment enforced against them. That's the clear rule. How do you distinguish Chastain? Other than the reasons I already have, and I think Judge Thacker hit on an important one. Is that because the relief was afforded before the suit was filed? That's certainly a significant part, and I would also say there's two cases that post-date Chastain that bring into question some of what I characterized as dicta in Chastain. One is Doe v. Board of Education from this court in 1998. In footnote two, this court unequivocally rejected what the Ninth Circuit does, which is consider a balance of equities in determining whether there's special circumstances. To the extent that's what was happening in Chastain, I don't think it is. I think it was really about there wasn't a change in the legal relationship between the parties because the practice had already changed. But to the extent that's true, later this court clarified that we are not engaging in any balance of equities in a special circumstances consideration. But you agree if it's dicta, I'm with you, but if it's actually what Chastain did, which is obviously what I believe, Doe can't overturn that silently, right? It didn't explicitly do it. Nor could it, right? Because it's a panel decision. In support of my belief that it's dicta, there's also the Rum Creek case. Again, this was a situation where there were equitable considerations at issue. There wasn't enough money. Who was going to pay the money? The Rum Creek court said that's not a special circumstance. Not having the money or not thinking it's coming from the guilty party isn't a special circumstance. I think between Doe and Rum Creek, it's fairly simple to read Chastain more narrowly and appropriately, which is just that the relief had already been afforded. There wasn't a change in relationship, and that's why that outcome happened. The abuse of discretion point that my colleague brought up. An error of laws, by definition, an abuse of discretion in this court. In Rum Creek, this court said that the deferential review ordinarily inherent in that standard is modified by a closer review when the appropriate criteria that are established for a fee award are in question. What we know here are the two issues, the two criteria that the district court considered, good faith or innocence, and that the plaintiffs could have named other innocent parties. Neither of those are cognizable criteria for finding special circumstances and denying fees. This, just like Lafamine, in Lafamine, this court in 2014 reversed a district court on an abuse of discretion standard for aggregating good faith, a lack of a continuing problem, and the third factor was just questioning the extent of the relief they got. But Lafamine did get injunctive relief. The Lafamine court used the abuse of discretion standard narrow and constrained, applicable to fees issues, and reversed. And that's what we ask this court to do today. The purpose of 1988 is not to punish guilty parties. So all of these equitable concerns and questions about guilt and innocence are completely divorced from the actual purpose of the statute. The purpose of the statute, as interpreted by the Supreme Court in this court, is to reward prevailing parties for vindicating important civil rights. And respectfully, we ask this court to reverse the decision below. Thank you.
judges: Paul V. Niemeyer, Stephanie D. Thacker, Julius N. Richardson